McLane v. Rechberger                    CV-97-398-JD   06/30/98

UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


McLane, Graf, Raulerson
& Middleton, P.A.

        v.                               Civil No. 97-398-JD

Alfred Rechberger, et al.


                              O R D E R


    On July 11, 1997, the plaintiff, McLane, Graf, Raulerson &
Middleton, Professional Association (the "McLane firm"), brought
an action against the defendants, Alfred A. Rechberger and ARC
Partners, Ltd. (collectively referred to as "Rechberger" for the
purposes of this order).  The dispute arose from Rechberger's
failure to pay legal bills allegedly incurred during the McLane
firm's representation of Rechberger in other litigation.  The
McLane firm's action declared that it had claims against
Rechberger sounding in assumpsit and quantum meruit.  It alleged
that Rechberger had acted in bad faith by failing to pay his
legal bills.  The action also sought trustee process against
Edward L. Hahn, Alan Reische, and Citizens Bank of New Hampshire
(the "trustees") as trustees of assets belonging to Rechberger.

    On August 11, 1997, Rechberger removed the action to this
court pursuant to its diversity jurisdiction.  On September 2,
1997, Rechberger answered the McLane firm's complaint and brought

the following three counterclaims against it: count I, attorney malpractice; count II, infliction of emotional distress; and count III, breach of the implied contract to charge reasonable and fair attorneys fees. Rechberger also filed a third-party complaint against the third-party defendants, Edward L. Hahn and Jon Meyer, alleging the same three counts as in his counterclaim against the McLane firm. On October 6, 1997, Meyer answered Rechberger's third-party complaint against him and filed a counterclaim alleging that Rechberger had breached a contract and owed Meyer on a theory of quantum meruit. Hahn did not counter-claim against Rechberger.

Now, Hahn and Meyer have moved for partial summary judgment on counts I and II of Rechberger's third-party complaint against them (document no. 30) and the McLane firm has moved for partial summary judgment on counts one and two of Rechberger's counter-claim against it (document no. 29). The main basis for the motions is that the underlying claims are based entirely on speculation which could not be proved by admissible evidence. On June 19, 1998, Rechberger filed a notice with the court indicating a lack of opposition to the motions.

Therefore, the McLane firm's motion for partial summary judgment on counts one and two of Rechberger's counterclaim against it (document no. 29) is granted. Rechberger's only remaining claim against the McLane firm is count three. For the same reason, Hahn and Meyer's motion for partial summary judgment on counts one and two of Rechberger's third-party complaint against it (document no. 30) is granted. Rechberger's only

remaining claim against Hahn and Meyer is count three. Both the McLane firm's underlying action against Rechberger and Meyer's counterclaim against Rechberger are unaffected by these motions and remain in the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

June 30, 1998

cc:  James C. Wheat, Esquire
     Karen Schultz Breda, Esquire
     Valeriano Diviacchi, Esquire
     Robert R. Lucic, Esquire
     Peter G. Beeson, Esquire
     Ronald E. Cook, Esquire